UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE M. GUSTAVSON, | ) | CASE NO.  1:26-cv-00466 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| SERGEANT JONATHON BILICIC, *et al.,* | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Darlene Gustavson's ("Plaintiff") Complaint.  (Doc. 1.)  For the reasons stated herein, the Complaint is DISMISSED with prejudice.  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED.

## I.     BACKGROUND

On February 25, 2026, Plaintiff filed this action against Sergeant Jonathon Bilicic and Officer Christopher Childs in their official capacities.  (Doc. 1 at 2.)  Plaintiff asserts 42 U.S.C. § 1983 claims against Defendants and seeks monetary damages.  (*Id.* at 6.)

Plaintiff alleges on January 1, 2026, Sergeant Bilicic initiated a traffic stop.  (*Id.* at 5.) Sergeant Bilicic requested her driver's license, insurance, and registration.  (*Id.*)  She admitted she has no driver's license, vehicle registration, or insurance.  (*Id.*)  Instead, she presented her passport.  (*Id.*)  Plaintiff claims her automobile is not used for commercial purposes and she is not required to have a driver's license or other items.  (*Id.*)  Sergeant Bilicic informed her that she could not operate a motor vehicle without a valid driver's license and insurance and could not drive an unregistered vehicle on the roadways.  (*Id.*)  He issued her a traffic citation and had her vehicle towed.  (*Id.*)  She asserts that Sergeant Bilicic towed her vehicle without due process.

(*Id.*)  She states, "several Chardon Police officer [sic] showed up as well Officer Christopher Childs."  (*Id.*)

On March 20, 2026, Plaintiff filed a supplement to her Complaint.  (Doc. 3.)  She alleges on February 23, 2026, she was arrested and her vehicle impounded for failure to appear at her state court hearing.  (*Id.* at 21.)  Plaintiff argues her arrest was improper because she removed her case to federal court and therefore could not be arrested for failing to appear in state court.  (*Id.*)  Plaintiff attempted to remove her state criminal case to federal court on February 18, 2026.  *Bilicic v. Gustavson*, No. 26-cv-00399 (N.D. Ohio filed on Feb. 18, 2026).  On February 25, 2026, the district court remanded the matter to state court.  (Order dated Feb. 25, 2026.)  Plaintiff filed this lawsuit the same day.

II.     **ANALYSIS**

A.     **Legal Standard**

District courts are required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any that are deemed frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from suit.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).  However, the "lenient treatment generally accorded to *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  A complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion tests whether the complaint meets this standard.  To survive a Rule 12(b)(6) motion for failure to state a claim, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations

must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When courts evaluate whether a complaint makes out a plausible claim, they must accept all factual allegations as true.  *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).  Courts must also draw all reasonable inferences in favor of the plaintiff, and they must generally construe the complaint in the light most favorable to the plaintiff.  *Id.*  But courts do not accept legal conclusions or other conclusory allegations as true.  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)).  And courts need not make unwarranted factual inferences.  *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

### B.     Analysis

As an initial matter, this is not Plaintiff's first attempt to sue individuals relating to her traffic citation and related proceedings.  *See Gustavson v. Patton*, No. 26-cv-870 (N.D. Ohio filed Apr. 13, 2026).  In that case, the district court dismissed the matter as frivolous because it was based on sovereign citizen beliefs and rhetoric.  Similarly, Plaintiff's Complaint must be dismissed because it is frivolous and otherwise fails to state a claim.  Plaintiff does not allege facts suggesting she was denied due process.

To the extent Plaintiff claims the towing of her vehicle violated her right to travel, the claim is frivolous.  Although the Supreme Court has identified the right to interstate travel as a

fundamental right of United States citizenship, *see Saenz v. Roe*, 526 U.S. 489, 500-01, 119 S. Ct. 1518, 143 L. Ed. 2d 689 (1999), the Supreme Court also has long held that states have the power to regulate the use of motor vehicles on their roads and highways, *see Kane v. New Jersey*, 242 U.S. 160, 37 S. Ct. 30, 61 L. Ed. 222 (1916). There is no constitutional right to operate a motor vehicle without a valid state-issued driver's license, state-issued vehicle registration, or proof of insurance. *Dunn v. Post*, No. 21-1412, 2022 WL 1297586, 2022 U.S. App. LEXIS 2616, at *2 (6th Cir. Jan. 27, 2022).

To the extent Plaintiff is claiming she was deprived of property without procedural due process, this claim also fails. A plaintiff may succeed on a procedural due process claim by either "(1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991) (citing *Collins v. Nagle*, 892 F.2d 489, 497 (6th Cir. 1989)). If Plaintiff is challenging the state procedure itself on her mistaken belief that a state cannot require her to have a state-issued driver's license or state-issued vehicle registration, her claim fails for the reasons stated above. If Plaintiff is challenging the towing of her vehicle as a random unauthorized act, her claim fails because she has state remedies to address the deprivation. Specifically, she can raise her objections during her trial on the traffic citation or she can seek relief in the Ohio Court of Claims. She has not alleged any facts that suggest these remedies would be inadequate.

## III.     CONCLUSION

For the reasons stated herein, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e). Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 30, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE